UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WASHINGTON, | No. C 06-4490 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| D. OLLISON, warden, | |
| Respondent. | |

## INTRODUCTION

James Washington, currently incarcerated at Ironwood State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion for appointment of counsel also is now before the court for consideration.

## BACKGROUND

Washington reports in his petition that he was convicted in the Alameda County Superior Court of being an ex-felon in possession of a firearm. He states that he was sentenced in July 2001 to a prison term of 25 years to life plus three one-year enhancements. He appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. He also filed unsuccessful state habeas petitions.

Washington's first federal habeas petition, Washington v. Hall, No. C 05-4139 SI, was dismissed without prejudice because he had not exhausted state court remedies. He reports that he has now exhausted state court remedies.

## DISCUSSION

A.  Review Of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition incorporates by reference the petition for review and original habeas petition filed by Washington in the California Supreme Court, which include the following claims: (1) Washington was denied his Sixth Amendment right to effective assistance of counsel when his attorney failed to object to certain evidence and failed to seek any limiting instructions (Petition for Review, pp. 3-22), (2) Washington was denied his Sixth Amendment right to effective assistance of counsel and his constitutional right to a unanimous verdict when counsel failed to request a unanimity instruction and the court failed to give the instruction sua sponte (id. at 22-23), (3) Washington was denied his constitutional rights to effective assistance of counsel and to have the jury determine all elements beyond a reasonable doubt because of the instruction on intent to possess (id. at 24-28), (4) Washington was denied effective assistance of counsel when counsel failed to object to opinion testimony (id. at 28-30, and Petition For Writ of Habeas Corpus in California Supreme Court,, pp. 6-10), (5) Washington's sentence amounted to cruel

1 and unusual punishment (Petition For Review, p. 30 and Federal Habeas Petition, pp. 14-19).
2 Liberally construed, the claims are cognizable in a federal habeas action and warrant a response
3 from respondents. These claims are the same ones asserted in Washington's 2005 federal
4 petition.

5 Washington has added some new claims that apparently were included in a later habeas
6 petition filed in the California Supreme Court. His first new claim is that his sentence, because
7 it was based on prior convictions, violated his right to due process and to be free from double
8 jeopardy. This claim is dismissed. The use of prior convictions to enhance sentences for
9 subsequent convictions does not violate the Double Jeopardy Clause. See Spencer v. Texas, 385
10 U.S. 554, 560 (1967) (upholding use of prior convictions to enhance sentences for subsequent
11 convictions even if in a sense defendant must relitigate in sentencing proceeding conduct for
12 which he was already tried); Jackson v. Nelson, 435 F.2d 553, 553 (9th Cir. 1971) (dismissing
13 contentions of equal protection, bill of attainder, double jeopardy and ex post facto against
14 recidivist statute as meritless). Despite Washington's assertions to the contrary, his current
15 sentence is not based on his status or on his recidivism alone: he committed a new crime and but
16 for the conviction for the commission of that crime, would not have received any prison
17 sentence. The court also rejects his characterization of the sentencing enhancement under
18 California's Three Strikes Law as an element of an offense. See Almendarez-Torres v. United
19 States, 523 U.S. 224, 243-44 (1998); United States v. Pacheco-Zepeda, 234 F.3d 411, 414-15
20 (9th Cir. 2001), cert. denied, 532 U.S. 966 (2001) (Almendarez-Torres remains good law after
21 Apprendi and provides that prior convictions, whether or not admitted by the defendant on the
22 record, are sentencing factors rather than elements of the crime). To the extent Washington is
23 attempting to assert a substantive due process claim in addition to the double jeopardy claim, that
24 claim is rejected also. Where there exists an explicit textual source of constitutional protection
25 against a particular sort of government behavior -- such as the Eighth Amendment's clause
26 prohibiting cruel and unusual punishments -- that Amendment, not the more generalized notion
27 of "substantive due process," must be used to analyze such a claim. Albright v. Oliver, 510 U.S.
28

1  266, 273 (1994) (citing Graham v. Connor, 490 U.S. 386, 395 (1989)).  Furthermore, the double
2  jeopardy claim, being cobbled together from so many different lower federal and state court
3  cases and essentially asking this court to ignore the Supreme Court's decision in Almendarez-
4  Torres, would not succeed in light of the requirement in 28 U.S.C. § 2254(d) that habeas relief
5  be granted only if the state court's rejection of the claim is contrary to or an unreasonable
6  application of clearly established federal law as determined by the U.S. Supreme Court.

7  Washington's next claim is that his right to due process was violated because the fact of
8  a prior conviction is a necessary element for his conviction for being a felon in possession of a
9  firearm and that was not submitted to the jury and proven beyond a reasonable doubt.  He
10 appears to allege that two burglary priors were not submitted to a jury and it was not found
11 proven beyond a reasonable doubt that they were first degree burglaries that could count as
12 strikes for the Three Strikes Law. (Petition attachment, pp. 1B - 5B.)  Liberally construed, these
13 allegations state a cognizable claim for habeas relief.

14 Washington next claims that he was denied his Sixth Amendment right to the effective
15 assistance of counsel because trial counsel failed to challenge the sufficiency of the evidence
16 used to prove that his 1983 and 1977 burglary convictions were serious felonies.  (Petition
17 attachment, p. 1C - 4C.)  Liberally construed, the allegation states a cognizable claim for habeas
18 relief.

19 The court notes that petitioner's exhibit numbering and alpha-numeric page-numbering
20 scheme are unnecessarily confusing.  In any further filings, petitioner should paginate his
21 documents with  sequential numbers (i.e., so that the first page is numbered "1" and the second
22 page is numbered "2" etc.).  He should not use a combination of letters and numbers and should
23 not separately number the pages of each claim such as apparently was done in the attachments
24 to the petition.  Each document attached to any filing should be a separate exhibit.

25 / / /
26 / / /
27 / / /
28

4

B.      Motion For Appointment Of Counsel

Petitioner has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is required in this action to prevent a due process violation. The motion for appointment of counsel is therefore DENIED.

## CONCLUSION

For the foregoing reasons,

1.      The claims that the sentence imposed violated petitioner's right to be free from double jeopardy and right to due process are dismissed without leave to amend. The other claims identified above are cognizable claims for habeas relief and warrant a response.

2.      The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondents and respondents' attorney, the Attorney General of the State of California. The clerk shall also send a copy of this order to petitioner.

3.      Respondents must file and serve upon petitioner, on or before **October 20, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondents must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **November 23, 2006**.

1    5.    Petitioner is responsible for prosecuting this case. Petitioner must promptly inform the court of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

6.    Petitioner's motion for appointment of counsel is DENIED.  (Docket # 2.)

IT IS SO ORDERED.

DATED:  August 15, 2006

_____
SUSAN ILLSTON
United States District Judge