UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WASHINGTON,<br><br>    Petitioner,<br><br>  v.<br><br>D. OLLISON, warden,<br><br>    Respondent. | No. C 06-4490 SI (pr)<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING DEADLINE FOR AMENDED PETITION** |

## INTRODUCTION

James Washington, a prisoner currently in custody at the Ironwood State Prison in Blythe, California, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2001 conviction. Now before the court for consideration is respondent's motion to dismiss the petition as time-barred and petitioner's motion to amend. The court finds that the petition was timely filed and denies the motion to dismiss. The court denies petitioner's motion to amend, but will allow him to file a new motion to amend.

## BACKGROUND

Washington was convicted in Alameda County Superior Court of being a felon in possession of a firearm and was found to have suffered six prior felony convictions. He was sentenced to a total of 28 years to life in prison. He appealed. The California Court of Appeal affirmed his conviction on July 28, 2003, and the California Supreme Court denied his petition for review on October 29, 2003.

Washington filed two state habeas petitions. Washington filed a petition for writ of habeas corpus in the California Supreme Court on September 30, 2003, while his petition for review was pending. The habeas petition was summarily denied on June 23, 2004.

On August 18, 2005, Washington filed another habeas petition in the California Supreme Court. It was denied with a citation to In re Clark, 5 Cal.4th 750 (Cal. 1993), on June 28, 2006.

The current petition is apparently Washington's third federal habeas effort. He gave his first federal habeas petition to prison officials to mail on April 7, 2005. Either Washington or prison officials addressed the envelope to the U.S. District Court in Eureka, California. By June 1, 2005, his family members had learned that the petition sent to the Eureka address had not been filed; Washington learned of the problem not later than July 11, 2005.

Washington's second effort to file a federal petition was a petition mailed October 13, 2005 and filed as Washington v. Hall, C 05-4139 SI. That action was dismissed on May 11, 2006 because Washington's second habeas petition in the California Supreme Court was then pending.

Washington's third federal habeas effort is the current action. The petition in this action was dated July 14, 2006, stamped "filed" July 24, 2006, and came to the court in an envelope postmarked July 17, 2006. Under the prisoner mailbox rule, Washington's petition is deemed filed on July 17, 2006, as there is no statement he gave the petition to prison officials any earlier than the date on which it was mailed. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

Respondent filed a motion to dismiss the action on the ground that the petition was untimely filed. Washington opposed the motion to dismiss.

**DISCUSSION**

A.  Respondent's Motion To Dismiss

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Equitable tolling of the limitations period is available upon a showing of extraordinary circumstances beyond a petitioner's control which prevented him from timely filing the petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  No tolling is allowed under § 2244(d)(2) for federal petitions.  See Duncan v. Walker, 533 U.S. 167, 180-81 (2001).


1.  Washington's Limitations Period Started On June 24, 2004.

The one-year limitations period for Washington started on June 24, 2004.  The limitations period would have started on January 27, 2004, the date on which the judgment became final after the conclusion of direct review.  See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d

1157, 1159 (9th Cir. 1999) (direct review period includes the 90-day period during which the petitioner could have filed a petition for writ of certiorari, regardless of whether he did so). However, Washington's first state habeas petition was already pending on that date and caused the limitations period to be statutorily tolled, see 28 U.S.C. § 2244(d)(2), as soon as it would otherwise have started. Once Washington's first state habeas petition was denied by the California Supreme Court on June 23, 2004, the statutory tolling period ended. The limitations period began the day after Washington's first state habeas petition was denied. Cal. Rule of Court 29.4(b)(2)(C);[1] see also Lawrence v. Florida, 127 S. Ct. 1079, 1086 (2007) (petitioner does not receive additional time for the period when he might file a petition for writ of certiorari following the denial of habeas petition, unlike a direct appeal). Washington's suggestion that the limitations period started thirty days after his "direct appeal consolidated writ" was denied is unpersuasive because, even if there was such a rule for consolidated cases, the California Supreme Court never consolidated Washington's petition for review and habeas petition. See Resp. Exhs. A and B. In sum, the limitations period began on June 24, 2004 and the presumptive deadline was June 24, 2005.

### 2. Equitable Tolling For The Lost Mail

Washington receives equitable tolling for his first federal habeas effort because the lost mail was an extraordinary circumstance beyond his control. He states that on April 7, 2005, he sent a petition for writ of habeas corpus to the "United States District Court Northern District of California, 518 West Clark Street, Eureka, California." Opposition Brief, p. 1. Regardless of whether it was Washington or the prison mail room that addressed the envelope to the Eureka

---

[1]The Ninth Circuit held in 2002 that the statutory tolling ended thirty days after the California Supreme Court's denial of the final habeas petition was filed because that was when the denial became "final" under the former California Rule of Court 24. Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001)). However, the rationale of Allen v. Lewis only applies to denials the California Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court made clear that its orders denying petitions for writ of habeas corpus within its original jurisdiction are final on filing. See Cal. Rule of Court 29.4(b)(2)(C).

address, the petition never was filed. It either was lost in the mail or lost once it reached its destination.

Respondent contends that mailing the petition to the Eureka address was tantamount to sending the petition to the wrong court and therefore should result in no tolling. Respondent's counsel made inquiries and determined that the West Clark Street address in Eureka was that of a fitness/health club operated by former Magistrate Judge Nord and the telephone number listed in the directory (described in the next paragraph) was the fitness/health club's telephone number. The bookkeeper who answered the listed telephone number when respondent's counsel called stated that former Magistrate Judge Nord used to receive legal mail at that address.

Washington responded to that evidence by producing a page from a directory that did indeed list a Eureka branch of the U.S. District Court for the Northern District of California at West Clark Street – the address to which his first petition was mailed. Petitioner's Application For Judicial Notice, Exh. B. The address was the first of the four addresses listed for the Northern District in the directory: Eureka, Oakland, San Francisco, and San Jose. Many lawyers would look at that directory and think that sending a package to the Eureka address was an amateur mistake, but the simple fact is that Washington and the mail room staff at his prison <u>are</u> amateurs in legal matters.

Mailing a filing to the Eureka address was a reasonable choice for a non-lawyer.[2] This is not a situation where mail was sent to the wrong court. This was instead a situation where mail was lost – the same as if the envelope had been addressed to this court's San Francisco

---

[2]Washington's evidence is not the only place that a Eureka branch is mentioned. Although a different street address is now used, the Eureka branch is listed in a March 2007 directory of courts published as an insert to the Daily Journal legal newspaper as well as on the Northern District's public web site. While a person showing up at the listed address may or may not find anyone staffing the Eureka office on a given day, it is listed and it is an address at which some court business is transacted on an intermittent basis.

There is no Clerk's Office in Eureka, so it is technically improper under Local Rule 3-2(b) to send a habeas petition there to commence a new action. However, the need to draw the negative implication from Local Rule 3-2(b) plus the existence of a listing for a court branch in that city convince the court that sending the petition to the Eureka address was a reasonable mistake for a non-lawyer to make.

5

address and never arrived. The lost mail qualifies as an extraordinary circumstance beyond Washington's control.[3]

The next task is to determine the amount of time that should be equitably tolled on account of that extraordinary circumstance. Washington states that his family inquired and learned on about June 1, 2005 that the petition had not been filed in the Northern District. He does not state when his family member relayed the information to him, but he knew of the problem no later than July 11, 2005, as he submitted a request on that day for a copy of his mail log to use as an exhibit. See Opposition Brief, Exh. E (inmate request for interview has handwritten at the top "request for copy dates sent to legal desk 7/11/05 7/13/05 8/15/" and requests a copy of the log for his incoming and outgoing mail for the period April 15 - May 1, 2005), and Exh. D (inmate appeal dated September 20, 2005, complaining that mail room apparently had failed to mail his petition, requesting a copy of outgoing mail log, and noting that "[t]hree previous requests have gone unanswered.") Once Washington knew that the petition he had sent did not get filed, the tolling ended because he then knew of the problem and could have filed a replacement petition. His various efforts to complain to prison officials about the problem or to track down the source of the problem do not warrant equitable tolling because nothing that happened in the prison grievance system would change the fact that the federal petition had not been filed. Washington apparently had a copy of the necessary documents and did not need to start over to prepare his federal petition. See, e.g., Petition Exhibits at last page of Exh. H (April 7, 2005 signature date), and the page before the green cover sheet of Appellant' Opening Brief (same). No extraordinary circumstance prevented him from filing a new federal petition once he realized his first one had not been filed. Thus, the period of time for which he will be allowed tolling was from April 7, 2005 (the date on which he put the petition in the

---

[3]Although the "they lost my mail" argument succeeds here, it usually will not. This petitioner's assertion of lost mail is believable because he presented (a) a prison mail log showing that some mail was sent by him to this court's Eureka branch in the relevant time period, (b) a third-party directory listing the Eureka address as a branch for this district, (c) his inmate trust account statement showing postage for a heavy package being deducted from his account at the relevant time, and (d) contemporaneous inmate appeals complaining about the lost mail.

prison mail) until July 11, 2005 (when he knew that his petition had not been filed in the Northern District). By the time the tolling event started on April 7, 2005, 287 days of the one-year period had passed. After the tolling event ended on July 11, 2005, Washington had 78 days left in the limitations period.

### 3. The Second State Petition Resulted In Statutory Tolling

Washington's second state habeas petition was filed 38 days later and tolled the limitations period for the time during which it was pending, i.e., from August 18, 2005 through June 28, 2006.

Respondent argues that no statutory tolling should be allowed due to the rule that a state habeas petition is not "properly filed" for purposes of § 2244(d)(2) if it is filed after a state-imposed time limit and does not fit within any exception to that time limit. See Pace v. DiGuglielmo, 544 U.S. 498 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005). Respondent points to the California Supreme Court's citation to In re Clark, 5 Cal.4th 750 (1993), as evidence that the second state habeas petition was rejected as unjustifiably delayed under state law and therefore warrants no statutory tolling.

The problem with respondent's argument is that the citation to Clark is ambiguous because the California Supreme Court did not cite to any particular page in the Clark opinion when it denied Washington's second habeas petition. See Resp. Exh. B. Clark discussed more than just the untimeliness procedural bar; it also discussed the problems of piecemeal and/or repetitious habeas petitions. See Clark, 5 Cal. 4th at 767-70, 774-81. Because it cannot be determined whether the citation to Clark in the rejection of a second habeas petition filed within two months of the denial of the first habeas petition was a denial for untimeliness as opposed to a denial because it was piecemeal or repetitious litigation, this court does not accept respondent's assertion that it was a rejection for untimeliness. Although the limitations period is tolled for the time during which Washington's second state habeas petition was on file, it is not tolled for the time between the denial of the first state habeas petition and the filing of the second state

1  habeas petition in the California Supreme Court because they were not part of a single round of
2  state habeas review. See Delhomme v. Ramirez, 340 F.3d 817, 821 (9th Cir. 2003). When the
3  second state petition was denied on June 28, 2006, there were 40 days remaining in the
4  limitations period.

### 4. This Action Was Filed Before The Deadline

He filed this action on July 17, 2006, 20 days later. The current action was filed within the limitations period. The court need not determine whether Washington receives any tolling based on the pendency of Washington v. Hall, No. C 05-4139 SI, Washington's second federal petition, because the current petition was timely filed even without such tolling.

## B. Washington's Motion To Amend

Washington filed a motion to amend his petition. In his motion, he stated that he wanted to demonstrate that the state court's decisions were based on an unreasonable determination of the facts in light of the evidence and wanted to allege additional facts to support his claims. He did not file a proposed amended petition.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires" but the court cannot make that determination without seeing the proposed new pleading. See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.") Accordingly, the motion to amend is DENIED without prejudice to Washington filing a another motion to amend if he submits the proposed amended petition with the motion and explains why he did not include the information in his original petition. (Docket # 12.) Any motion to amend must be filed and served no later than **June 15, 2007**. If a motion to amend and proposed amended petition are not filed and served by that deadline, the court will set a briefing schedule for the merits of the petition, but it is premature to do so now in light of a potential amendment.

The fact that the court allows Washington time to file a new motion to amend does not mean that it is recommending he do so. It is not clear that Washington actually needs to file an amended petition. To he extent he wants to present further legal argument about the state court's decisions, he may be able to include that argument in his traverse rather than in an amended petition. Adding legal argument is not alone a sufficient reason to amend a petition, as the petition need only set forth the claims and that has already been done. If Washington wants to add new facts, he may do so, but is cautioned that changing the factual basis for a claim may cause it to become an unexhausted claim. A federal petitioner must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. See 28 U.S.C. § 2254(b), (c). If the factual basis for his federal claim is not the same as it was in state court, the state court may not have been given a fair opportunity to rule on the merits of it and the claim would be deemed unexhausted. Finally, if petitioner chooses not to amend, he should inform the court as soon as possible so the court may set a new briefing schedule on the merits of the petition.

## CONCLUSION

Respondent's motion to dismiss is DENIED. (Docket # 14.) The petition was filed within the limitations period.

Petitioner's motion to amend is DENIED. (Docket # 12.) He may file and serve a new motion to amend, provided that it is accompanied by a proposed amended petition and is filed and served no later than **June 15, 2007**.

IT IS SO ORDERED.

DATED: May 9, 2007

SUSAN ILLSTON
United States District Judge