UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WASHINGTON, | No. C 06-4490 SI (pr) |
| Petitioner, | **ORDER** |
| v. | |
| D. OLLISON, warden, | |
| Respondent. | |

Petitioner apparently wants to amend his habeas petition but has managed only to create a rather confused record, as there still is not an adequate amended petition on file, notwithstanding the fact that petitioner has filed four motions to amend. See docket # 12, # 27, # 30, and # 32. His "motion requesting leave of the court to amend federal petition for writ of habeas corpus" filed on September 28, 2007 (docket # 32) requests that his earlier motion (i.e., docket # 30) be disregarded because it had a few defects. Unfortunately, the most recent motion (i.e., docket # 32) also has defects, so there still is not an adequate proposed amended pleading for the court to consider. Specifically, the proposed second amended petition for writ of habeas corpus refers to several documents that allegedly are attached to it, but there are no attachments to the 10-page document. Additionally, the proposed second amended petition appears to incorporate by reference another document (i.e., the original petition) which in turn incorporates by reference other documents. Petitioner has created an unnecessarily confusing record and has submitted an incomplete proposed second amended petition. Accordingly, the motion requesting leave of court to amend is DENIED. (Docket # 32.) The earlier motion to amend filed July 26, 2007 (docket # 30) is DENIED as moot because petitioner states that it has been superseded by his more recent motion to amend.

Petitioner may file a new motion to amend provided that he fully complies with the following directions. First, he must submit a proposed third amended petition for writ of habeas corpus with his motion to amend. Second, the proposed third amended petition must have attached to it all documents referred to in it. The court will not search through the file to find other documents and assemble a coherent petition. Third, the third amended petition must provide a complete and sequential list of all claims petitioner is asserting in this action (e.g., claim 1, claim 2, etc.) Due to the multiple layers of incorporation by reference, it is very difficult to figure out how many claims petitioner wants to assert. Fourth, the motion to amend must explain (a) which of the claims in the third amended petition were not included in the original petition filed on July 24, 2006 and (b) why the new claims were not included in the original petition.

Petitioner must file and serve his motion to amend and proposed third amended petition no later than **November 16, 2007**. This deadline will not be extended; if the documents are not filed by that deadline, the action will go forward with only the claims that were asserted in the original petition. Respondent must file and serve any opposition to the motion to amend no later than **December 21, 2007**. Petitioner must file and serve his reply brief, if any, in support of his motion no later than **January 4, 2008**.

Petitioner's motion to lodge prior conviction transcripts is DENIED as unnecessary. (Docket # 31.) Petitioner states that the because he states that those transcripts are already part of the trial court's record. The trial court's record is normally filed with respondent's answer.

IT IS SO ORDERED.

DATED: October 15, 2007

                                                SUSAN ILLSTON
                                                United States District Judge