UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WASHINGTON, | No. C 06-4490 SI (pr) |
| Petitioner, | **ORDER** |
| v. | |
| D. OLLISON, warden, | |
| Respondent. | |

Petitioner's fourth motion for an evidentiary hearing is DENIED. (Docket # 50.)

Petitioner's second motion for appointment of counsel is DENIED. (Docket # 56.) A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is necessary in this action.

Petitioner's motion for an order directing respondent to file an amended or supplemental answer regarding a cumulative error claim is DENIED. (Docket # 55.) The court identified the cognizable claims in the August 15, 2006 order to show cause, and petitioner waited almost three years to urge that there was an additional claim not identified in that order to show cause. Although petitioner challenged the order to show cause in other respects (see, e.g., Docket # 5, # 8), he never argued that there was a cumulative error claim in his petition until this late date,

long after respondent filed his answer.  Furthermore, cumulative error was not asserted as a separate claim in the state habeas petition, but was only an argument made the in the legal brief supporting the state petition's ineffective assistance of counsel claim.  See Resp. Exh. L, p. 10.  It also appears that respondent's memorandum of points and authorities in support of his answer provides sufficient argument about the ineffective assistance of counsel claim for the court to resolve a cumulative error claim.  The court therefore will not require respondent to file an amended or supplemental brief with regard to petitioner's argument that the cumulative failures of counsel denied him effective assistance of counsel and due process.  Petitioner may make his cumulative error argument in his traverse.

Petitioner's motion for extension of time is GRANTED.  (Docket # 57.)  Petitioner must file and serve his traverse no later than **August 21, 2009**.  No further extensions of this deadline will be permitted.   The traverse (including memorandum of points and authorities) may not exceed 30 pages in length.

IT IS SO ORDERED.

DATED: July 24, 2009

_____
SUSAN ILLSTON
United States District Judge